## CIRCUIT COURT OF THE CITY OF RICHMOND

Medicherla S. Kumar

v.

Metropolitan Hospital, L.P., et al.

February 25, 1993

Case No. LT-4437–4

BY JUDGE RANDALL G. JOHNSON

This slip and fall case is before the court on defendants' motion for summary judgment. At issue is whether a limited partner can maintain an action for negligence against his partnership, and/or a general partner of the partnership, for acts or omissions relating to partnership business.[1]

Plaintiff, Medicherla S. Kumar, is a medical doctor. While making rounds at Metropolitan Hospital in Richmond in December, 1989, he slipped on some stairs, fell, and was injured. He claims that his fall resulted from the negligence of agents and employees of the hospital. Defendants are Metropolitan Hospital, L.P., a Virginia limited partnership which owns the hospital, and Amerihealth Systems of Virginia, Inc., a Virginia corporation and a general partner of Metropolitan. Plaintiff is a limited partner of Metropolitan. Two other corporations which were originally named as defendants have been nonsuited. Metropolitan and Amerihealth seek summary judgment on the ground that plaintiff cannot sue his partnership and a general partner of the partnership for negligence relating to partnership activity. Because the court disagrees with defendants' position, summary judgment will be denied.

Virginia has always adhered to the general rule that a partner cannot maintain an action at law against the partnership so long as the relation

---

[1] Other grounds for summary judgment were rejected by the court immediately after oral argument on February 18 and will not be discussed in this opinion.

between the parties exists. *See, e.g., Wright v. Michie,* 47 Va. (6 Gratt.) 354 (1849); *Strother v. Strother,* 106 Va. 420, 56 S.E. 170 (1907). This is so because each partner is, at law, "the firm," and "[n]o one can be both plaintiff and defendant in the same action at law . . . ." *Wright v. Michie,* at 358. It is plaintiff's position, however, that the general rule has no application where *limited* partners are concerned. The court agrees.

There are two reasons for the general prohibition against suits by partners. First, every partner has a voice in the conduct of the business. *See, e.g., Quillen v. Titus,* 172 Va. 523, 531, 2 S.E.2d 284 (1939); Va. Code § 50–18(e) ("All partners have equal rights in the management and conduct of the partnership business."). Thus, when one partner alleges wrongful conduct against the partnership, he or she is actually alleging wrongful conduct against him- or herself. For example, where a partnership's wrongful conduct is a breach of contract, each partner, including the one making the allegation, is deemed to be guilty of the breach since each partner is deemed to have participated in the action or inaction constituting the breach. As noted earlier, such a suit cannot be maintained. *Wright v. Michie, supra.* Similarly, where the wrongful conduct is negligence, as plaintiff alleges here, each partner, again including the partner making the allegation, is deemed to be guilty of negligence since each partner is deemed to have participated in the action or inaction constituting the negligence. Such a suit also cannot be maintained.

Second, each partner is liable for all partnership debts. *Holloway v. Smith,* 197 Va. 334, 340, 88 S.E.2d 909 (1955); Va. Code § 50–15. Thus, a judgment obtained by one partner against the partnership would, in reality, be a judgment against him- or herself. Again, a person cannot be both plaintiff and defendant in the same action at law. As plaintiff correctly points out, however, the foregoing reasons have absolutely no application to limited partners such as plaintiff.

Each of the cases cited by defendants in support of the general prohibition against suits by partners was decided under the common law or under the Uniform Partnership Act, Va. Code § 50–1, *et seq.,* and dealt only with *general* partners. None of those cases involved *limited* partners. Indeed, limited partnerships were unknown at common law; they are purely creatures of statute. *Pischke v. Murray,* 11 B.R. 913, 916, n. 2 (Bankr. E.D. Va. 1981). In Virginia, the statutes governing limited partners are found at § 50–73.1, *et seq.,* and

§ 50–73.24 effectively eliminates any basis for applying the general prohibition against suits by partners to limited partners. Section 50–73.24 provides, in pertinent part:

> A. Except as provided in subsection D of this section, a limited partner is *not* liable for the obligations of a limited partnership *unless* he is also a general partner *or*, in addition to the exercise of his rights and powers as a limited partner, *he participates in the control of the business.*

Emphasis added.[2]

From the above, two things are readily apparent. First, unlike general partners, limited partners are *not* presumed to have a voice in the conduct of the business; they do *not* have equal rights in the management and conduct of the firm. While the relevant statutes do not preclude limited partners from participating in the control of the business, the wording of § 50–73.24 makes it clear that such is not the norm; indeed, lack of control, and lack of liability, are precisely what distinguish limited partners from general ones.

Second, § 50–73.24 does make clear that in the absence of also being a general partner or a participant in the control of the partnership business, a limited partner is *not* liable for the debts of the partnership. Again, this is a dramatic difference between general and limited partners. Moreover, when coupled with a limited partner's lack of control, both reasons for precluding suits by partners vanish. Thus, a limited partner who alleges wrongful conduct on the part of the partnership does not allege wrongful conduct on his or her part, because he or she is not presumed to have had an equal role in such conduct. By the same token, a limited partner who obtains a judgment against the partnership would not obtain a judgment against him- or herself, because the limited partner is not liable for partnership debts. In these regards, as plaintiff points out, limited partners are no different from stockholders in a corporation, and there has never been any prohibition against a person maintaining a negligence action to recover for personal injuries against a corporation in which such person owns stock. The court can think of no logical reason to deny a limited partner the same right.

---

[2] Subsection D is not relevant to the issues before the court.

Defendants also argue that Virginia's partnership statutes, themselves, preclude plaintiff's action. Specifically, defendants point to § 50–13, which provides:

Partnership bound by partner's wrongful act. — Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his copartners, loss or injury is caused to any person, *not being a partner in the partnership*, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

Emphasis added.

Defendants next cite § 50–73.75, which states:

Rules for cases not provided for in this chapter. — In any case not provided for in this chapter the provisions of the Uniform Partnership Act (Chapter 1 (§ 50–1 et seq.) of Title 50) shall govern.

Defendants argue that when the above sections are read together, particularly § 50–13's reference to persons "not being a partner in the partnership," the prohibition against partners suing the partnership must apply to limited partners. I disagree.

First, § 50–13 is simply a codification of the common law, and implied in that codification are the same reasons for precluding suits by partners, presumption of control and liability for debts, which form the basis for the common law rule. As already discussed, those reasons do not apply to limited partners.

Second, and perhaps more to the point, is that § 50–73.75 must be read in conjunction with § 50–6, dealing with general partnerships, and which provides, in pertinent part:

[T]his chapter shall apply to limited partnerships except insofar as the statutes relating to such partnerships are inconsistent herewith.

Emphasis added.

As already discussed, § 50–73.24(A) specifically provides that limited partners are normally not liable for partnership obligations. Since § 50–13 provides that a partnership is liable for the wrongful acts of *any* partner, and since § 50–15 makes *all* partners liable for the debts

of the partnership, §§ 50–13 and 50–15 are inconsistent with § 50–73.24(A), and are inapplicable.

Finally, even with regard to general partnerships, the language of § 50–13 cited by defendants, "not being a partner in the partnership," has never been used by courts to prevent a partner's recovery from a partnership or copartner. *See generally* 59A Am. Jur. 2d, *Partnership*, § 578. It is the unique relationship between the partners and the partnership, discussed above, and not the language of the statute, which normally precludes such suits. In any event, I hold that such language, to the extent that it does preclude suits by partners against the partnership, applies to general partners only. It does not apply to limited partners such as the plaintiff here. Since plaintiff is only a limited partner, and since there is no allegation that he participated in the control of the partnership, he can maintain the present action against the partnership and against the partnership's general partner.