## CIRCUIT COURT OF FAUQUIER COUNTY

Alladore Csontos
and David Grange

v.

Brian MacDonnell et al.

August 1, 2001

Case No. (Law) CL00-276

BY JUDGE JEFFREY W. PARKER

This matter comes before the Court on a Demurrer which was filed to the cause of action on May 22, 2001, and set for argument on July 10, 2001. The Court, on Motions Day, indicated and further by letter stated that it had concerns as a result of its prior involvement as counsel for litigants against F & S, Limited Partnership. A Remittal of Recusal has been received. As this issue deals with a question of law, the Court will consider this matter; however, the Court believes it would be more appropriate for another judge to hear any evidence that would need to be taken in this case.

This is an action brought by Alladore Csontos and David Grange, limited partners, against Brian MacDonnell in his personal capacity and Sinequanon, Inc. Sinequanon, Inc., is the remaining general partner of F & S, Limited Partnership. F & S, Limited Partnership, was dissolved as a matter of law on December 31, 1990, but no winding up of the assets of the partnership nor distribution has ever been initiated.

As a result of fraudulent actions by Gustave Fritchie, a former general partner, F & S was sued and the plaintiffs in this action provided money in order to effect a legal defense. The plaintiffs in this matter assert that, under the terms of the partnership agreement, the general partners are responsible for 82.5% of the expenses of litigation in the previous suit.

Incredibly, not only is F & S dissolved, but likewise so is the corporation Sinequanon. This latter fact is not set forth in the Motion for Judgment but in the defendant's response.

In considering a Demurrer, the Court has to take all matters pleaded by the plaintiff as true. The plaintiff alleges that "the defendants, trading as Sinequanon, Inc., became one of the general partners. . . ." In the documentation filed with the pleading, there is nothing to indicate that Brian MacDonnell is anything but the president of Sinequanon, Inc. *See*, withdrawal and sale of general partnership interest in F & S, Limited Partnership, Amendment I to F & S, Limited Partnership, Agreement, Certificate of Limited Partnership of F & S, Limited Partnership, and the Mutual Compromise and Settlement Agreement.

Therefore, the Court can only conclude that the only general partner was Sinequanon, Inc. As correctly stated by defendants in their brief, once Sinequanon, Inc., became defunct Mr. MacDonnell would be a trustee in liquidation. But regardless of their corporate status Sinequanon, Inc., would be the only proper party defendant. Should the plaintiff wish to pursue Mr. MacDonnell as a defendant in his own capacity, it would have to show that he had taken action outside his capacity as a trustee in liquidation and this would need to be pleaded. Therefore, the Demurrer is sustained with leave to replead within twenty-one days such facts as would show that Mr. MacDonnell was properly a general partner of F & S, Limited Partnership, or is otherwise liable.

In reference to the liability of Sinequanon, Inc., in this action, the defendant alleges that the only method of liquidation for a limited partnership is through Title 50, Chapter 2.2, Article 8, of the Virginia Code. It is clear that this provision of the Code directs the winding up of a limited partnership. It is already clear that this partnership was dissolved many years ago, and it is this Court's belief that a winding up procedure should have already taken place. This conclusion, however, does not limit the Court in the consideration of this matter. The plaintiff cites to the Court the circuit court case of *Kumar v. Metropolitan Hosp. L.P.*, 30 Va. Cir. 226 (1998). That action involved a negligent tort committed against a limited partner by a general partner. That situation is clearly distinguishable from the case at bar. However, the case in *Kumar* set forth a theory of law which is applicable in the present analysis:

[S]ection 50-73.24(A) specifically provides that limited partners are normally not liable for partnership obligations . . . since § 50-15 makes all partners liable for the debts of the partnership, §§ 50-13 and 50-15 are inconsistent with § 50-73.24(A) and are inapplicable.

24

30 Va. Cir. 226 at 229-30. It is true that, since the time the *Kumar* case was decided, the referenced Code sections have been modified, but the principles are still the same.

Any judgment obtained in this proceeding, of course, would be still be subject to the order of priority as set forth under § 50-73.52. Section 50-73.52, however, only deals with assets of the partnership and not with assets of the general partner. Therefore, the Demurrer is overruled as it applies to Sinequanon, Inc., and the defendant is provided twenty-one days to file its responsive pleading.